

$400



# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHYNE JEWELERS, INC.,** | : | |
| | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | |
| | : | 20    264 |
| **v.** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **GERVONTA BRYANT DAVIS,** | : | FILED |
| | : | |
| **Defendant.** | : | JAN 15 2020 |

KATE BARKMAN, Clerk
By _____ Dep. Clerk

## COMPLAINT

Plaintiff, Shyne Jewelers, Inc. ("Shyne"), by and through its undersigned counsel,

Sidkoff, Pincus & Green, P.C., hereby brings this action against Defendant, Gervonta Bryant

Davis ("Davis"), and alleges as follows:

### PARTIES

1.     Shyne is a corporation organized under the laws of the Commonwealth of

Pennsylvania, with a principal place of business located at 339 South Street, Philadelphia, PA

19147.

2.      Davis is an adult individual and citizen of the State of Maryland who resides in

Columbia, Maryland.

### JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1)

because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest

and costs, and is between citizens of different states.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a

substantial part of the events or omissions giving rise to Shyne's claims occurred here.

JAN 15 2020



## FACTUAL BACKGROUND

5.      Shyne owns a luxury jewelry store in Philadelphia, Pennsylvania.

6.      Davis is a professional boxer.

7.      In April of 2019, Davis purchased various items from Shyne in Philadelphia, including a Richard Millie RM011-FM watch with a blue band ("Blue Richard Millie").

8.      Subsequently, Davis solicited Shyne in Philadelphia to make additional purchases.

9.      In both oral conversations and writings exchanged between Davis and Shyne, it was agreed that Davis would make the following purchases from Shyne in one lump sum payment of $250,000.00 (herein, the "Contract"):

- $130,000.00 for a Richard Millie RM011-FM watch with a green band;

- $60,000.00 for a customized Tank pendant;

- $30,000.00 for a Rolex DateJust II with diamonds;

- $12,000.00 for four customized "GTD" pendants ("Custom Pendants"); and

- $19,000 for the repair of the Blue Richard Millie (collectively, the "Contract Items").[1]

10.     On Sunday, December 22, 2019, a representative for Davis provided a representative for Shyne with a cashier's check for $250,000 that was allegedly issued by TD Bank (the "Cashier's Check").

11.     Unbeknownst to Shyne at the time, the Cashier's Check was counterfeit.

12.     Upon discovering that the Cashier's Check was counterfeit, Shyne made numerous requests to Davis for payment of the $250,000.00 that is owed under the Contract.

---

[1] By agreement of the parties, a $1,000 discount was applied by Shyne so that the total amount due was $250,000.00.

2

13.   Despite repeated demands, Davis has refused to make payment to Shyne.

14.   Davis knew that the Cashier's Check was counterfeit, and he acted intentionally and with malicious intent to deceive Shyne and deprive Shyne of its property and the services it provided to him.

15.   Davis has taken unlawful possession of the Contract Items, with the exception of the Custom Pendants,[2] and has brazenly paraded around in the jewelry he never paid for at public events and on social media.

## COUNT I
## BREACH OF CONTRACT

16.   Shyne hereby incorporates the preceding paragraphs of this Complaint as if set forth at length herein.

17.   The Contract between Shyne and Davis is a valid and enforceable agreement that is supported by adequate consideration.

18.   Shyne fully performed its obligations and duties under the Contract.

19.   Davis breached the Contract by failing to pay Shyne $250,000.00 for the Contract Items.

20.   As a direct and proximate result of Davis's breach of Contract, Shyne has suffered damages in the amount of $250,000.00, excluding interest and costs of suit.

**WHEREFORE**, Shyne respectfully requests judgment in its favor, and against Davis, in the amount of $250,000.00, together with interest, costs of litigation, and any other relief the Court deems just and appropriate under the circumstances.

---

[2] Shyne fully performed its obligations under the Contract in creating the unique Custom Pendants for Davis.

## COUNT II
## CONVERSION

21.     Shyne hereby incorporates the preceding paragraphs of this Complaint as if set forth at length herein.

22.     Davis promised to pay $250,000.00 to Shyne in exchange for the Contract Items.

23.     Prior to payment, the Contract Items were the lawful property of Shyne.

24.     Davis intentionally caused the counterfeit Cashier's Check to be delivered to Shyne to deprive Shyne of its lawful property, which he converted for his own personal use.

25.     Davis did not have consent or lawful justification to retain any of the Contract Items without making full payment to Shyne.

26.     Shyne contacted Davis after it discovered that the Cashier's Check was fraudulent to give him an opportunity to make good on his promise, but Davis refused to make payment and he has failed to return the Contract Items he unlawfully converted from Shyne.

27.     As a direct and proximate result of Davis's conversion, Shyne has suffered damages in the amount of $250,000.00, excluding interest and costs of suit.

28.     Davis's conduct, as described herein, was so outrageous, malicious, egregious, wanton, and beyond all reasonable standards, that Shyne is entitled to an award of punitive damages.

**WHEREFORE**, Shyne respectfully requests judgment in its favor, and against Davis, in the amount of $250,000.00, together with interest, costs of litigation, punitive damages, and any other relief the Court deems just and appropriate under the circumstances.

4

## COUNT III
## REPLEVIN

29.     Shyne hereby incorporates the preceding paragraphs of this Complaint as if set forth at length herein.

30.     Prior to delivering any of the Contract Items to Davis, Shyne retained title and had the exclusive right of immediate possession of the Contract Items.

31.     In absence of the agreed upon payment, Shyne retains title and ownership of the Contract Items.

32.     As a result of Davis's failure to make payment, Shyne is entitled to immediate possession of the Contract Items that Davis unlawfully converted.

33.     Further, Shyne is entitled to recover any damages it incurred as a result of Davis's illegal detention of Shyne's property.

**WHEREFORE**, Shyne respectfully requests judgment in its favor and against Davis, directing Davis to immediately deliver possession of the converted Contract Items to Shyne; authorizing the issuance of writs of seizure; and awarding damages incurred as a result of Davis's illegal detention of Shyne's property, together with interest, costs of litigation, and any other relief the Court deems just and appropriate under the circumstances.

## COUNT IV (Pled in the Alternative)
## UNJUST ENRICHMENT

34.     Shyne hereby incorporates the preceding paragraphs of this Complaint as if set forth at length herein.

35.     In the alternative, and in the event and to the extent that it is determined that the Contract is not valid and enforceable, Shyne asserts a claim for unjust enrichment against Davis.

36.     Shyne conferred various benefits upon Davis by providing him with the jewelry, repairs and customizations set forth herein.

37.     Davis accepted and enjoyed the benefits provided by Shyne, including retaining various Contract Items for his own personal possession.

38.     The value of the benefits unjustly received by Davis are worth in excess of $250,000.00.

39.     It would be unjust for Davis to retain the aforesaid benefits without paying Shyne for the value of the benefits conferred upon him.

**WHEREFORE**, Shyne respectfully requests judgment in its favor, and against Davis, in an amount in excess of $250,000.00, together with interest, costs of litigation, and any other relief the Court deems just and appropriate under the circumstances.

### JURY DEMAND

Shyne demands a trial by jury on all counts of its Complaint that are triable.

FILED
JAN 15 2020
KATE BARKMAN, Clerk
Dep. Clerk

Respectfully Submitted,

Casey Green, Esquire
Shawn McBrearty, Esquire
Sidkoff, Pincus & Green, P.C.
1101 Market Street
Suite 2700
Philadelphia, PA 19107
215-574-0600
215-574-0310 (fax)
cg@sidkoffpincusgreen.com
smcbrearty@sidkoffpincusgreen.com

*Attorneys for Plaintiff,*
*Shyne Jewelers, Inc.*

Dated: January 15, 2020